UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-10142-CV-MOORE
(18-10018-CR-MOORE)
MAGISTRATE JUDGE REID

IRVIN LOPEZ,

    Movant,
v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on Movant's *pro se* Amended Motion to Vacate filed pursuant to 28 U.S.C. § 2255. [ECF No. 14]. This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

Movant, **Irvin Lopez**, is a federal prisoner serving a sentence of 135 months imprisonment after pleading guilty to conspiracy to possess with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(b), in **Case No. 18-10018-CR-MOORE**, brought in the United States District Court for the Southern District of Florida. [CR-ECF No. 127].

Movant filed his original Motion to Vacate on August 27, 2019. [ECF No. 1]. Later, Movant filed an Amended Motion, which raises six claims challenging the constitutionality of his conviction and asking that his conviction should be vacated, and his indictment dismissed, because

he received ineffective assistance of counsel in his criminal case. [ECF No. 14]. Specifically, Movant argues that his counsel was ineffective for not arguing that the vessel he was on was not subject to the jurisdiction of the United States, and for convincing him to plead guilty when he was actually innocent because he was "a Kidnapped Victim of Mexican Drug Lord." [ECF No. 14-1 at 1-6].

After careful consideration, and as further discussed below, the Undersigned **RECOMMENDS** that the Amended Motion to Vacate [ECF No. 14] be **DENIED**. The Undersigned recommends denial because Movant's counsel was not ineffective, and Movant's vessel was subject to the jurisdiction of the United States.

## II. Factual History

On June 15, 2018, a United States Coast Guard boat and other U.S. government aircraft intercepted Movant's "go-fast vessel" traveling at a high rate of speed, approximately 87 nautical miles from the Mexico/Guatemala border, in international waters. [CR-ECF No. 73 at 1]. Upon interception, the crew of the vessel began jettisoning items from the vessel and refused to stop despite orders in both English and Spanish to stop the vessel. [*Id*.]. The Coast Guard then successfully stopped Movant's vessel by firing disabling shots into its engine. [*Id*. at 2].

The Coast Guard then boarded Movant's vessel for inspection. Upon inspection, the boarding team did not observe a vessel name, registration number, or indicia of nationality. [*Id*.]. Six individuals, including Movant, were found on the vessel, and none identified themselves as the master of the vessel. [*Id*.]. Later, one of Movant's co-defendants claimed Mexican nationality, and the United States contacted the government of Mexico to determine the nationality of the vessel. [*Id*.]. The Mexican government could neither confirm nor deny the vessel's nationality. [*Id*.]. Based on this response, the vessel was deemed to be without nationality and subject to the

jurisdiction of the United States. [*Id*.]. A search of the boat found 21 bales containing cocaine weighing approximately 943 kilograms. [*Id*.].

On June 29, 2019, Movant and his co-defendants were charged by indictment with one count of conspiracy to possess with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(b) (Count 1), and one count of possession with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1) and 18 U.S.C. § 2 (Count 2). [CR-ECF No. 1]. With respect to both charges, the controlled substance was alleged to be five kilograms or more of a mixture and substance containing a detectable amount of cocaine. [*Id*.].

Movant made his initial appearance on July 23, 2018, where he was advised of the charges via the use of a Spanish language interpreter, and Attorney Dennis Urbano, Esq. was appointed to represent Movant in his criminal case pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. [CR-ECF No. 29]. Movant was then arraigned on July 31, 2018, where he waived the reading of the Indictment, entered a plea of not guilty, demanded a trial by jury, and requested a standing discovery order. [CR-ECF No. 39].

Pursuant to the Standing Discovery Order [CR-ECF No. 40], the government filed a Certificate from the U.S. Department of State regarding the nationality of the vessel. [CR-ECF No. 49-1]. The Certificate was prepared by U.S. Coast Guard Commander Francis J. DelRosso, who was authorized by U.S. Secretary of State Michael R. Pompeo to make such a certification pursuant to 46 U.S.C. §§ 70502(c)(2) and (d)(2), and 18 U.S.C. § 2237(d). [*Id*.]. The Certification stated, *inter alia*, that the United States government has determined that Movant's vessel was without

3

nationality per 46 U.S.C. § 70502(d)(1)(C), making the vessel subject to the jurisdiction of the United States pursuant to § 70502(c)(1)(A). [*Id*.].

Shortly thereafter, Movant entered into a written Plea Agreement [CR-ECF No. 72] with supporting Factual Proffer [CR-ECF No. 73] indicating that he wanted to plead guilty to Count 1 of the Indictment, and in exchange, that Count 2 would be dismissed at the end of the case. The Court held a change of plea hearing that same day, where Movant was questioned for purposes of determining whether his guilty plea was knowing and voluntary. [CR-ECF No. 140].

The Court asked Movant if: (1) he received a copy of the indictment and fully discussed the charges with his attorney; (2) he was fully satisfied with counsel's representation, and the advice given to him by his attorney in the case; and (3) he had the opportunity to read and discuss the plea agreement with his attorney before signing it. [*Id*. at 6-8]. Movant answered in the affirmative to each question. [*Id*.]. The Court next asked Movant if he was pleading guilty because he was guilty, and Movant again said yes. [*Id*. at 9].

Finally, the Court informed Movant of his right to plead not guilty and proceed to a trial by jury, to be presumed innocent until proven guilty beyond a reasonable doubt, the right to the assistance of counsel for his defense, the right to see and hear all witnesses, and to cross examine them, and the right to choose to testify or not in his own defense. Movant stated that he understood these rights, and understood that by pleading guilty he was waiving them. [*Id*. at 13-14].

The government then entered the Factual Proffer into the record and discussed the factual support for Movant's guilt of the offense. [*Id*. at 14-18]. When asked if Movant agreed with those facts, Movant stated that he did. [*Id*.]. Then Movant stated that he wished to change his plea to guilty, and the Court accepted his change of plea and found Movant guilty of Count 1, finding that the plea was being made knowingly, intelligently, and voluntarily. [*Id*. at 19-20].

On February 11, 2019, Movant, by and through his counsel, apologized to the Court at his sentencing hearing and after doing so, was sentenced to the bottom of the sentencing guideline range, 135 months' imprisonment. [CR-ECF No. 133]. Movant did not object to the sentence and did not file a direct appeal in this case. [*Id*. at 14].

On August 27, 2019, Movant filed his original instant Motion to Vacate. [ECF No. 1]. On December 4, 2019, Movant filed the instant Amended Motion to Vacate raising six claims of ineffective assistance of counsel. [ECF No. 14].

Respondent filed an Answer in opposition to Movant's Amended Motion to Vacate on March 26, 2020. [ECF No. 23]. Movant did not file a reply, though was advised by the Undersigned of his ability to do within thirty days of Respondent's Answer. [ECF No. 22 at 2]. Accordingly, this cause is now ripe for review by the Court.

### III. Legal Standards

A.   Standard of Review of Section 2255 Motions

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. *See United States v. Frady*, 456 U.S. 152, 165 (1982).

A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *see also McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under

28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations and quotations omitted). The "miscarriage of justice" exception requires a showing that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Before determining if a claim is cognizable, a district court must first find that a defendant asserted all available claims on direct appeal. *See Lynn*, 365 F.3d at 1232 (citing *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)). Second, a district court must consider whether the type of relief the movant seeks is appropriate under § 2255. *Id.* at 1232-33 (citations omitted).

If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). To obtain this relief on collateral review, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." *Frady*, 456 U.S. at 166.

Under § 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Allen v. Fla. Dep't of Corr.*, 611 F.3d 740, 745 (11th Cir. 2010) (quoting *Schriro, supra*.).

B.     Ineffective Assistance of Counsel Principles

The Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defense." U.S. Const. amend. VI. To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate both (1) that counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). If a movant cannot meet one of these prongs, a court does not need to address the other prong. *See id.* at 697; *see also Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013) (citations omitted).

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted). Regarding the prejudice requirement, the movant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 694.

For the court to focus merely on outcome determination, however, is insufficient. "To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993); *see also Allen*, 611 F.3d at 754. A defendant, therefore, must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).

The test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *See Dingle v. Sec'y for the Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). "Even if counsel's decision appears to have been unwise in retrospect, the

7

decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Id.* (*quoting Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). For perspective, the Sixth Circuit has framed the question as not whether counsel was inadequate, but rather counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

In addition, a § 2255 movant must provide factual support for his contentions regarding counsel's performance. *See Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333-34 (11th Cir. 2012).

Finally, when counsel decides not to raise a meritless claim, it is not ineffective assistance, *see United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992), "[a]nd a petitioner would also not be prejudiced by his counsel's failure to do so." *Hittson v. GDCP Warden*, 759 F.3d 1210, 1262 (11th Cir. 2014).

### IV. Discussion

Movant makes six claims in support of his Amended Motion to Vacate:

1. Counsel was ineffective for failure to move to dismiss Movant's criminal case for lack of jurisdiction [ECF No. 14-1 at 1];

2. Counsel was ineffective for failing to move to dismiss Movant's criminal case because Movant was wrongly arrested and innocent [*Id.* at 2];

3. Counsel was ineffective for unprofessionally negotiating a plea that was not in Movant's favor [*Id.* at 3];

4. Counsel was ineffective for misleading Movant to plead guilty to a crime he did not commit [*Id.* at 4];

5. Counsel was ineffective for failing to withdraw Movant's guilty plea [*Id*. at 5]; and

6. Counsel was ineffective for failing to interview witnesses. [*Id*. at 6].

All six of Movant's claims are without merit, factually contradicted by Movant's sworn statements in his criminal case. Many of them were also waived by Movant's knowing and voluntary guilty plea. All should be denied, as discussed in further detail below.

### Claim 1

Here, Movant alleges that his counsel was ineffective for not moving to dismiss the indictment because the vessel he was on was in international waters and was not subject to the jurisdiction of the United States. [ECF No. 14-1 at 1]. Movant's claim fails, however, because Movant's vessel was subject to the jurisdiction of the United States.

Congress enacted the Maritime Drug Law Enforcement Act to prohibit any person from "knowingly or intentionally . . . possess[ing] with intent to manufacture or distribute, a controlled substance" on board a vessel subject to the jurisdiction of the United States. 46 U.S.C. § 70503(a)(1). In 1996, Congress amended the Act to provide that "[j]urisdiction of the United States with respect to a vessel subject to this chapter is not an element of an offense." 46 U.S.C. § 70504(a). The section continues that "[j]urisdictional issues arising under this chapter are preliminary questions of law to be determined solely by the trial judge." *Id*.

The Act declares "a vessel without nationality" as subject to the jurisdiction of the United States and defines a stateless vessel as including "a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality." 46 U.S.C. §§ 70502(c)(1)(A), (d)(1)(C). Congress made clear that the Act "applies even though the act is committed outside the territorial jurisdiction of the United States." 46 U.S.C. § 70503(b).

9

The Act permits several methods for obtaining a response from a foreign nation to a claim of registry and provides that a certification of the Secretary of State is conclusive proof of a response to a claim of registry by a foreign nation: "The response of a foreign nation to a claim of registry under paragraph (1)(A) or (C) may be made by radio, telephone, or similar oral or electronic means, and is proved **conclusively** by certification of the Secretary of State or the Secretary's designee." 46 U.S.C. § 70502(d)(2) (emphasis added).

Here, Movant's Factual Proffer states that the Coast Guard stopped and boarded Movant's vessel while it was in international waters. [CR-ECF No. 73]. After boarding the vessel, the Coast Guard contacted the Mexican government to verify the claim of Mexican nationality, per the MDLEA. [*Id.*]. However, Mexico could neither confirm nor deny the nationality of the vessel, thus the vessel was "without nationality" and thus there was jurisdiction to arrest Movant. [*Id.*].

Further, the government provided a Certificate from the U.S. Department of State explaining the above facts. [CR-ECF No. 49]. The Certificate is "conclusive proof that the vessel was within the jurisdiction of the United States under the [MDLEA]." *United States v. Campbell*, 743 F.3d 802, 809 (11th Cir. 2014); *see also* 46 U.S.C. § 70502(d)(2).

When making an ineffective assistance of counsel claim, it is the movant's burden to prove a reasonable probability that the deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 694. If a movant cannot meet either prong, a court does not need to address the other prong. *See id.* at 697. Here, because the Factual Proffer and Certificate conclusively prove his vessel was subject to the jurisdiction of the United States, Movant cannot demonstrate any prejudice. Thus, his claim should be denied.

**Claim 2**

Next, Movant argues that his counsel was ineffective for failing to file a pre-trial motion to dismiss his indictment, because Movant "was [w]rongly [a]rrested and [i]ndicted as a[n] [i]nnocent [k]idnapped [v]ictim of a Mexican Drug Lord." [ECF No. 14-1 at 2]. The record shows that this claim is plainly without merit and should be denied.

Movant knowingly and voluntarily pleaded guilty, signed a written Factual Proffer, and admitted to his guilt under penalty of perjury at both his change of plea hearing and his sentencing hearing. "A guilty plea, since it admits all the elements of a formal criminal charge, waives all nonjurisdictional defects in the proceedings against a defendant." *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014) (internal quotations and citations omitted). Thus, Movant waived this claim when he knowingly and voluntarily pleaded guilty and it should be denied.

Further, Movant's statements now are directly contradicted by his statements made in his written Factual Proffer, those made at his change of plea hearing, and those made at his sentencing hearing. There is a "strong presumption" that Movant's stipulations in his Factual Proffer and statements made under oath at his change of plea hearing and sentencing hearing are true. *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

Movant bears a "heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) (citations omitted). Movant fails to meet his burden because he proffers nothing but conclusory, self-serving statements that he was an innocent kidnapping victim, rather than a willing participant in his crimes, and Movant provides no evidence to support his allegations or overcome the strong presumption of truth to his previous statements made under penalty of perjury.

**Claim 3**

In his third claim, Movant argues that his counsel was ineffective "for unprofessionally negotiating a plea that was not in favor of his client," "subjecting the innocent client to sever[e] lengthy sentence as a[n] innocent victim of unexpected kidnapping at the hands of Mexican Drug Lord." [ECF No. 14-1 at 3]. In support, Movant alleges that "Counsel is grossly ineffective for subjecting Petitioner to a 'SIXTEEN YEARS' sentence via a[n] induced guilty plea that Petitioner would not have tender[ed] were Petitioner made aware of such lengthy sentence as a[n] innocent victim force[d] into a crime that Petitioner was not aware of." [*Id*.] (emphasis in original). Movant's claim is replete with factual inaccuracies and legal deficiencies and should be denied.

First, Movant was not sentenced to sixteen years, he was sentenced to 135 months imprisonment, which is 11.25 years. [CR-ECF No. 127]. Movant now claims that had he known he could have received such a lengthy sentence he would not have pleaded guilty, and that his counsel "induced" his guilty plea without informing him of the potential consequences of his guilty plea. [ECF No. 14-1 at 3].

However, the record shows that this is simply not true. At Movant's change of plea hearing, the Court advised Movant that the mandatory minimum sentence for his crime was 10 years, and that the maximum penalty was life imprisonment. [CR-ECF No. 140 at 10-12]. The Court then advised Movant "that any sentence imposed may be different from any estimate [Movant's] attorney may have given [him]," and that the terms of the Plea Agreement were only recommendations, and that the Court could sentence Movant to any legal sentence within the Court's discretion, and Movant stated that he understood. [*Id*.]. The Court also asked Movant if anyone induced him to plead guilty or promised him anything to plead guilty, and Movant stated that he was not promised anything or induced to plead guilty. [*Id.* at 8]. The Court accepted Movant's change of plea and found that Movant's guilty plea was knowing and voluntary.

12

Movant now claims that he was unaware of the potential consequences of his guilty plea. Movant's statements now are directly contradicted by his statements made at his change of plea hearing. There is a "strong presumption" that Movant's statements made under oath at his change of plea hearing are true. *See Medlock*, 12 F.3d at 187.

Movant bears a "heavy burden to show his statements were false." *Rogers*, 848 F.2d at 168 (citations omitted). Movant fails to meet his burden because he proffers nothing but conclusory, self-serving statements that he was unaware of the consequences of his guilty plea and he was an innocent kidnapping victim, rather than a willing participant in his crimes. Movant provides no evidence to support his allegations or to overcome the strong presumption of truth to his previous statements made under penalty of perjury.

For these same reasons, his counsel was not ineffective in negotiating his guilty plea. The record shows that Movant was aware that his counsel could not guarantee a specific outcome at sentencing, and that he faced a mandatory minimum sentence of ten years' imprisonment, and a maximum term of life imprisonment. Movant cannot claim that he is an innocent victim, and he can demonstrate neither cause nor prejudice under *Strickland*. Thus, this claim should be denied.

**Claim 4**

Next, Movant argues that his counsel was ineffective "for misleading Petitioner to plead guilty to a charge that Petitioner have no knowledge of as a Kidnapped Victim of Mexican Drug Lord that Petitioner have no control over." [ECF No. 14-1 at 4]. The record shows that this claim is plainly without merit and should be denied.

At the change of plea hearing, Movant was asked by the Court about the Government's evidence and his written Factual Proffer, and Movant admitted under penalty of perjury that he agreed with it and wanted to change his plea to guilty. [CR-ECF No. 140 at 14-20]. Movant

13

knowingly and voluntarily pleaded guilty, signed a written Factual Proffer, and admitted to his guilt under penalty of perjury at both his change of plea hearing and his sentencing hearing. Accordingly, Movant admitted "all the elements of a formal criminal charge," and waived "all nonjurisdictional defects in the proceedings." *Brown*, 752 F.3d at 1347 (internal quotations and citations omitted).

Further, Movant's statements now are directly contradicted by his statements made in his written Factual Proffer, those made at his change of plea hearing, and those made at his sentencing hearing. There is a "strong presumption" that Movant's stipulations in his Factual Proffer and statements made under oath at his change of plea hearing and sentencing hearing are true. *See Medlock*, 12 F.3d at 187.

Movant bears a "heavy burden to show his statements were false." *Rogers*, 848 F.2d at 168 (citations omitted). Again, Movant fails to meet his burden because he proffers nothing but conclusory, self-serving statements that he was an innocent kidnapping victim, rather than a willing participant in his crimes, and Movant provides no evidence to support his allegations or overcome the strong presumption of truth to his previous statements made under penalty of perjury. Thus, this claim should be denied.

**Claim 5**

In his fifth claim, Movant claims that his counsel was ineffective for failing to withdraw his guilty plea "when the Government refused the 36 to 48 months sentence under which the Petitioner tendered his plea." [ECF No. 14-1 at 5]. In support, Movant alleges that "Counsel was aware that Petitioner was innocent and a Kidnapped Victim by Mexican Drug Lords that Kidnapped young men fleeing their country's 'violent gang wars'" and that counsel "fail[ed] to

protect Petitioner from such illegal prosecution that he is fully aware of must be deemed grossly ineffective assistance of counsel in all respect[s]." [*Id*.].

To the extent that this claim argues that his counsel was ineffective for failing to move to dismiss Movant's indictment, this claim should be denied for the same reasons discussed in Grounds 1 and 2. To the extent that this claim argues that his counsel was ineffective for failing to withdraw his guilty plea when he was sentenced to 135 months, when Movant only agreed to plead guilty so he would receive 36 to 48 months, this claim should also be denied.

As discussed above, at Movant's change of plea hearing, the Court advised Movant that the mandatory minimum sentence for his crime was ten years, and that the maximum penalty was life imprisonment. [CR-ECF No. 140 at 10-12]. The Court then advised Movant "that any sentence imposed may be different from any estimate [Movant's] attorney may have given [him]," and that the terms of the Plea Agreement were only recommendations, and that the Court could sentence Movant to any legal sentence within the Court's discretion, and Movant stated that he understood. [*Id*.]. The Court also asked Movant if anyone induced him to plead guilty or promised him anything to plead guilty, and Movant stated that he was not promised anything or induced to plead guilty. [*Id*. at 8]. The Court accepted Movant's change of plea and found that Movant's guilty plea was knowing and voluntary.

After sentencing, Movant now claims that he only agreed to plead guilty because he was promised 36 to 48 months, and that his counsel was ineffective for failing to withdraw his guilty plea after he received a 135-month sentence. Movant's statements now are directly contradicted by his statements made at his change of plea hearing. There is a "strong presumption" that Movant's statements made under oath at his change of plea hearing are true. *See Medlock*, 12 F.3d at 187.

Movant bears a "heavy burden to show his statements were false." *Rogers*, 848 F.2d at 168 (citations omitted). Again, Movant's conclusory statements fail to meet his burden. Movant provides no evidence to support his allegations or to overcome the strong presumption of truth to his previous statements made under penalty of perjury.

For these same reasons, his counsel was not ineffective in failing to move to withdraw his guilty plea, and Movant has not provided a legitimate basis for his counsel to have done so. Thus, this claim should be denied

### Claim 6

In Movant's final claim, he argues that his counsel was ineffective for failing to interview potential witnesses, who Movant identifies as three of his co-defendants. [ECF No. 14-1 at 6]. Movant argues he would have gone to trial if his counsel had secured proper testimony, or in the alternative, he would have received a more lenient sentence that his counsel promised. [*Id.*]. This claim is wholly baseless and should be denied.

First, as to whether he would have gone to trial if his counsel had interviewed potential witnesses, Movant's guilty plea has waived this claim. *See Brown*, 752 F.3d at 1347 (internal quotations and citations omitted). On this basis alone, it should be dismissed.

Second, to the extent that Movant alternatively argues he would have received a more lenient sentence if his counsel had interviewed his co-defendants, Movant cannot establish either of the *Strickland* prongs. Movant cannot establish deficient performance because Movant had just pleaded guilty, and counsel would not be able to credibly argue at sentencing that Movant was an innocent victim in pursuit of a sentencing reduction.

Such an argument would be preposterous considering Movant's guilty plea only two months earlier and would have exposed Movant to allegations of perjury in his previous sworn

statements in his Factual Proffer and at his change of plea hearing. Movant's counsel cannot be ineffective for failing to pursue this wholly frivolous argument that is contradicted by Movant's previous statements made in his case. An attorney's performance is not deficient when they fail to raise a frivolous argument. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (stating that counsel is not ineffective for failing to raise a non-meritorious objection); *see also Strickland*, 466 U.S. at 688, 690.

Movant cannot establish prejudice. Movant's co-defendants also provided written factual proffers and admitted guilt in the same change of plea hearings and sentencing hearings as Movant. [CR-ECF Nos. 56; 65; 67; 69; 71; 140]. Thus, Movant cannot establish that their testimony would have led to a more lenient sentence, since their testimony implicated Movant, and made no mention of Movant and his co-defendants being forced at gunpoint to commit the crimes they pleaded guilty to.

## V. Recommendations

Based on the above, it is **RECOMMENDED** that the Amended Motion to Vacate [ECF No. 14] be **DENIED** and that no Certificate of Appealability be granted.

Objections to this Report may be filed with the Chief District Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a *de novo* determination by the Chief District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 24th day of November, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: **All Counsel of Record**; and

     **Irvin Lopez**
     18947-104
     Rivers Correctional Institution
     Inmate Mail/Parcels
     Post Office Box 630
     Winton, NC 27986
     *PRO SE*