UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 4:19-cv-10142-KMM

IRVIN LOPEZ,

    Movant,
v.

UNITED STATES OF AMERICA,

    Respondent.
                                   /

## **ORDER ON REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon *pro se* Movant Irvin Lopez's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ("Mot.") (ECF No. 14). The Court referred the matter to the Honorable Lisette M. Reid, United States Magistrate Judge, who issued a Report and Recommendation recommending that the Motion be DENIED. ("R&R") (ECF No. 24). Movant did not file objections and the time to do so has passed. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Movant is a federal prisoner incarcerated at Rivers Correctional Institution in Winston, North Carolina. Mot. at 1. While represented by counsel, Movant pled guilty to conspiring to possess with intent to distribute cocaine while aboard a vessel subject to the United States' jurisdiction. (CR-ECF No. 72).[1] In a factual proffer, Movant admitted that he was one of six

---

[1] References to Movant's criminal case, *United States v. Cameras De Leon, et al.*, 4:18-cr-10018-KMM-6, are notated as "CR-ECF No. __".

individuals aboard a go-fast vessel that the United States Coast Guard ("U.S.C.G.") intercepted after a Marine Patrol Aircraft detected the vessel traveling at a high rate of speed approximately 87 nautical miles from the Mexico/Guatemala boarder with packages on the deck. (CR-ECF No. 73) at 1. After the U.S.C.G. team approached the vessel and identified themselves as law enforcement, the vessel gave chase and the vessel's crew began jettisoning packages from it. *Id.* The U.S.C.G. team fired shots, disabling the vessel's engine. *Id.* at 2. A safety sweep of the vessel found six individuals aboard, including Movant, none of whom identified himself as the master of the vessel. *Id.* The U.S.C.G. team did not observe a vessel name, registration number, or indicia of nationality. *Id.* One of the six individuals made a claim of Mexican nationality for himself and the vessel. *Id.* The United States contacted the Government of Mexico, which responded that they could neither confirm nor deny the vessel's nationality. *Id.* Accordingly, it was deemed a vessel without nationality and subject to the jurisdiction of the United States. *Id.* The U.S.C.G. seized a total of 21 bales weighing approximately 943 kilograms, the contents of which field-tested positive for cocaine. *Id.*

In entering his guilty plea, Movant affirmatively acknowledged that he (1) received a copy of the indictment and fully discussed the charges with his attorney; (2) was fully satisfied with counsel's representation, and the advice given to him by his attorney in the case; (3) had the opportunity to read and discuss the plea agreement with his attorney before signing it; (4) was pleading guilty because he was guilty; and (5) understood the maximum possible penalties that could be imposed. (CR-ECF No. 140) at 6–10. Movant acknowledged that no one had made any other or different promises or assurances, other than those contained in the plea agreement, to induce a guilty plea. *Id.* at 8. The Court accepted Movant's guilty plea and found that the plea was made knowingly, intelligently, and voluntarily. *Id.* at 19–20.

On February 11, 2019, Movant was sentenced to 135 months' imprisonment, followed by five (5) years' supervised release. (CR-ECF No. 127). On August 27, 2019, Movant filed his original Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No 1). Then, on December 3, 2019, Movant filed the instant Amended Motion challenging the constitutionality of his conviction because he received ineffective assistance of counsel. (ECF No. 14). Specifically, Movant argues that his counsel was ineffective for (1) failing to move to dismiss Movant's criminal case for lack of jurisdiction; (2) failing to move to dismiss Movant's criminal case because Movant was wrongfully arrested and innocent; (3) unprofessionally negotiating a plea that was not in Movant's favor; (4) misleading Movant to plead guilty to a crime he did not commit; (5) failing to withdraw Movant's guilty plea; and (6) failing to interview witnesses. *See* (ECF No. 14-1).

As set forth in the R&R, Magistrate Judge Reid recommends that the Amended Motion be denied as to all six claims. R&R at 17. Specifically, Magistrate Judge Reid finds that Movant fails to demonstrate that (1) counsel's performance was deficient, and (2) there is a reasonable probability that the deficient performance prejudiced the defense, both of which are required to prevail on a claim of ineffective assistance of counsel. *Id.* at 7; *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).

As to Movant's claim that his counsel was ineffective for not moving to dismiss the indictment for lack of jurisdiction, Magistrate Judge Reid finds that there was conclusive proof that the subject vessel was subject to the jurisdiction of the United States in accordance with the Maritime Drug Law Enforcement Act. R&R at 9–10; 46 U.S.C. §§ 70501 *et. seq*.

Further, Magistrate Judge Reid finds that Movant's second, third, fourth, and fifth claims, alleging that counsel was ineffective for failing to move to dismiss Movant's indictment because

3

he was wrongly arrested and innocent, unprofessionally negotiating a plea deal that was not in Movant's favor, misleading Movant to plead guilty to a crime he did not commit, and failing to withdraw Movant's guilty plea are meritless and contradictory to the statements made in his written factual proffer, at the change of plea hearing, and at the sentencing hearing. R&R at 11–16. Magistrate Judge Reid cites to the "strong presumption" that exists for statements made in a factual proffer and those made under oath at a change of plea hearing or sentencing hearing, and the "heavy burden" Movant bears to show that such statements were false. *Id.* Magistrate Judge Reid finds that Movant fails to meet that burden with regard to his claims that counsel was ineffective for failing to move to dismiss Movant's indictment because he was wrongly arrested and innocent, unprofessionally negotiating a plea deal that was not in Movant's favor, misleading Movant to plead guilty to a crime he did not commit, and failing to withdraw Movant's guilty plea. *Id.*

Regarding Movant's sixth claim, that counsel was ineffective for failing to interview three of his co-defendants as witnesses, Magistrate Judge Reid first finds that Movant waived this claim by pleading guilty. *Id.* at 16. Additionally, Magistrate Judge Reid finds that to the extent Movant argues he might have received a more lenient sentence if counsel had interviewed his co-defendants, there would have been no credible argument for counsel to make since Movant had just pleaded guilty, and thus Movant establishes neither deficiency nor prejudice. *Id.* at 16–17.

Finally, Magistrate Judge Reid recommends that no certificate of appealability issue, because Movant cannot meet his burden to show that reasonable jurists could find the denial of his § 2255 motion debatable. *Id.* at 17. The Court agrees.

UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that

Magistrate Judge Reid's Report and Recommendation (ECF No. 24) is ADOPTED and Movant's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 14) is DENIED. The Clerk of Court is instructed to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this  29th  day of December, 2020.

*K. M. Moore*
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record